

SEALED

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

FEB 2 3 2024

CLERK, U.S. DISTRICT COURT
By_____
Deputy

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, *ex rel.* PATRICIA LESKO, | § § § § § | |
| Plaintiff and Relator, | § § § § | CIVIL ACTION NO. <br><br> 3-24CV-454-N |
| vs. | § § § § | |
| AMERICAN PAINT HORSE ASSOCIATION; AMERICAN QUARTER HORSE ASSOCIATION; AMERICAN GEM TRADE ASSOCIATION, INC.; ASSOCIATION OF CERTIFIED FRAUD EXAMINERS, INC.; LUBBOCK CHAMBER OF COMMERCE; FEDERATION OF EMPLOYERS AND WORKERS OF AMERICA; TEXAS MOTOR TRANSPORTATION ASSOCIATION; MCALLEN CHAMBER OF COMMERCE; TEXAS CATTLE FEEDERS ASSOCIATION; INTERNATIONAL ASSOCIATION OF EXHIBITIONS AND EVENTS; BETTER BUSINESS BUREAU OF NORTH CENTRAL TEXAS, INC.; BETTER BUSINESS BUREAU OF METROPOLITAN HOUSTON, INC.; INTERNATIONAL ASSOCIATION OF DRILLING CONTRACTORS; TEXAS | § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § | FILED UNDER SEAL <br><br><br><br><br><br><br><br><br><br><br><br><br><br><br> JURY TRIAL DEMANDED |

COMPLAINT                                                                                                                  1

**HOSPITAL ASSOCIATION;** §
**WICHITA FALLS COUNTRY** §
**CLUB; MIRA VISTA** §
**COUNTRY CLUB; NEW YORK** §
**STATE CORRECTIONAL** §
**OFFICERS & POLICE** §
**BENEVOLENT ASSOCIATION;** §
**CHARTERED MARKET** §
**TECHNICIANS ASSOCIATION,** §
**INC.; STRATHMORE-** §
**VANDERBILT COUNTRY CLUB** §
**OF MANHASSET; COUNCIL FOR** §
**AFFORDABLE QUALITY** §
**HEALTHCARE, INC.;** §
**GWINNETT CONVENTION** §
**AND VISITORS BUREAU;** §
**ALLIANCE FORAUDITED** §
**MEDIA; VISIT ANNAPOLIS &** §
**ANNE ARUNDELCOUNTY INC.;** §
**and ARMED FORCES BENEFIT** §
**ASSOCIATION;** §
§
   **Defendants.** §

## FALSE CLAIMS ACT COMPLAINT FILED UNDER SEAL
## UNDER 31 U.S.C. § 3730(B)(2)

The United States of America *ex rel.* Patricia Lesko files this action against

Defendants American Paint Horse Association, American Quarter Horse

Association, American Gem Trade Association Inc., Association of Certified

Fraud Examiners, Inc., Lubbock Chamber of Commerce, Federation of

Employers and Workers of America, Texas Motor Transportation Association,

McAllen Chamber of Commerce, Texas Cattle Feeders Association,

COMPLAINT                 2

International Association of Exhibitions and Events, Better Business Bureau of North Central Texas, Inc., Better Business Bureau of Metropolitan Houston, Inc., International Association of Drilling Contractors, Texas Hospital Association, Wichita Falls Country Club, Mira Vista Country Club, New York State Correctional Officers & Police Benevolent Association, Chartered Market Technicians Association, Inc., Strathmore-Vanderbilt Country Club of Manhasset, Council for Affordable Quality Healthcare, Inc., Gwinnett Convention and Visitors Bureau, Alliance for Audited Media, Visit Annapolis & Anne Arundel County Inc., and Armed Forces Benefit Association, and in support thereof alleges the following:

## I.    NATURE OF THE ACTION

1.    This action arises out of Defendants' violation of the False Claims Act (the "FCA") by falsely certifying that they were eligible to receive Paycheck Protection Loans up to almost one full year before they actually became eligible to do so and knowingly concealing their ineligibility to receive forgiveness of their obligations to repay those loans. The certification and acts of concealment were material facts relied upon by the Small Business Administration ("SBA") in approving the loan applications and loan forgiveness applications. And Defendants' application for funds long before Congress approved their inclusion in the program prevented other small businesses and charities from receiving

funds to which they were otherwise entitled, simply because Defendants got there first. In short, Defendants won a race by misrepresenting their qualifications to enter it.

2.      Defendants are liable for (1) the amount of PPP funds received by them for which they were ineligible; (2) the amount of loan forgiveness received by them over and above the amount of the initial loan received; and (3) the loan processing fees paid by the SBA to a lender for the loans disbursed and forgiven due to the fraudulent conduct alleged herein, as well as for the additional penalties enumerated in the False Claims Act.

## II.    PARTIES

3.      Relator Patricia Lesko is a United States citizen and a resident of Michigan. She brings this action as an original source based upon direct and unique information she has obtained based in part on her experience as an investigative reporter. To her knowledge, the information contained herein has not been publicly disclosed.

4.      The United States is the real plaintiff in interest with respect to the claims asserted in this matter. The defrauded loan programs are administered and supervised by the Small Business Administration, an independent, cabinet-level agency of the Federal Government.

5.      Defendant American Paint Horse Association is a Texas nonprofit corporation that has its principal place of business at 122 Exchange Ave., Fort Worth, Texas 76164-8210. No service is requested at this time.

6.      Defendant American Quarter Horse Association is a Texas nonprofit corporation that has its principal place of business at 1600 Quarter Horse Drive, Amarillo, Texas 79104-3406. No service is requested at this time.

7.      Defendant American Gem Trade Association, Inc. is a Texas nonprofit corporation that has its principal place of business at 3030 Lyndon B. Johnson Fwy., Suite 840, Dallas, Texas 75234. No service is requested at this time.

8.      Defendant Association of Certified Fraud Examiners, Inc. is a Texas nonprofit corporation that has its principal place of business at 716 West Ave., Austin, Texas 76164-8210. No service is requested at this time.

9.      Defendant Lubbock Chamber of Commerce is a Texas nonprofit corporation that has its principal place of business at 1500 Broadway, Suite 101, Lubbock, Texas 79401-3107. No service is requested at this time.

10.      Defendant Federation of Employers and Workers of America is a Texas nonprofit corporation that has its principal place of business at 2901 Bucks Bayou, Bay City, Texas 77414. No service is requested at this time.

11.    Defendant Texas Motor Transportation Association is a Texas nonprofit corporation that has its principal place of business at 510 W. 15th Street, Austin, Texas 78701. No service is requested at this time.

12.    Defendant McAllen Chamber of Commerce is a Texas nonprofit corporation that has its principal place of business at 1200 Ash Ave., McAllen, Texas 78501. No service is requested at this time.

13.    Defendant Texas Cattle Feeders Association is a Texas nonprofit corporation that has its principal place of business at 5501 Interstate 40, Amarillo, Texas 79106-4617. No service is requested at this time.

14.    Defendant International Association of Exhibitions and Events is a Texas nonprofit corporation that has its principal place of business at 12700 Park Central Dr., Suite 308, Dallas, Texas 75251-1500. No service is requested at this time.

15.    Defendant Better Business Bureau of North Central Texas, Inc. is a Texas nonprofit corporation that has its principal place of business at 1601 Elm Street, Suite 1600, Dallas, Texas 75201. No service is requested at this time.

16.    Defendant Better Business Bureau of Metropolitan Houston, Inc. is a Texas nonprofit corporation that has its principal place of business at 1333 West Loop South, Suite 1200, Houston, Texas 77027. No service is requested at this time.

COMPLAINT                                                                                          6

17.    Defendant International Association of Drilling Contractors is a Texas nonprofit corporation that has its principal place of business at 3657 Briarpark Drive, Houston, Texas 77042-5281. No service is requested at this time.

18.    Defendant Texas Hospital Association is a Texas nonprofit corporation that has its principal place of business at 1108 Lavaca St., Austin, Texas 78701. No service is requested at this time.

19.    Defendant Wichita Falls Country Club is a Texas nonprofit corporation that has its principal place of business at 1701 Hamilton Blvd., Wichita Falls, Texas 76308-1321. No service is requested at this time.

20.    Defendant Mira Vista Country Club is a Texas nonprofit corporation that has its principal place of business at 6600 Mira Vista Blvd., Fort Worth, Texas 76132-4402. No service is requested at this time.

21.    Defendant New York State Correctional Officers & Police Benevolent Association is a New York nonprofit corporation that has its principal place of business at 102 Hackett Blvd., Albany, NY 12209-1543. No service is requested at this time.

22.    Defendant Chartered Market Technicians Association, Inc. is a New York nonprofit corporation that has its principal place of business at 25

Broadway, Suite 10-036, New York, NY 10004. No service is requested at this time.

23.    Defendant Strathmore-Vanderbilt Country Club of Manhasset, Inc. is a New York nonprofit corporation that has its principal place of business at 260 Country Club Dr., Manhasset, NY 11030-3639. No service is requested at this time.

24.    Defendant Council for Affordable Quality Healthcare, Inc. is a Washington, D.C. nonprofit corporation that has its principal place of business at 2020 K Street, NW, Washington, DC 20006. No service is requested at this time.

25.    Defendant Gwinnett Convention and Visitors Bureau is a Georgia nonprofit corporation that has its principal place of business at 6500 Sugarloaf Pkwy., Suite 200, Duluth, GA 30097. No service is requested at this time.

26.    Defendant Alliance for Audited Media is an Illinois nonprofit corporation that has its principal place of business at 48 W. Seegers Rd., Arlington Heights, IL 60005. No service is requested at this time.

27.    Defendant Visit Annapolis & Anne Arundel County Inc. is a Maryland nonprofit corporation that has its principal place of business at 26 West St., Annapolis, MD 21401. No service is requested at this time.

28. Defendant Armed Forces Benefit Association is a Virginia nonprofit corporation that has its principal place of business at 909 N. Washington St., Alexandria, VA 22314-1533. No service is requested at this time.

### III.   JURISDICTION AND VENUE

29. This Court has jurisdiction over this action under 28 U.S.C. § 1331 and 31 U.S.C. §§ 3732(a) and 3730(b), which provide this Court with original jurisdiction to hear a *qui tam* action. Relator is an "original source" and brings this action in the name of the United States as contemplated by the FCA, 31 U.S.C. §§ 3729-33.

30. Personal jurisdiction and venue are proper in this district under 28 U.S.C. § 1391(c) and 31 U.S.C. § 3732(a) because at least one Defendant transacts business in the Northern District of Texas, because acts prohibited by 31 U.S.C.§ 3729 have been committed by at least one Defendant in this judicial district, and because all Defendants have sufficient minimum contacts with the United States.

31. There has been no public disclosure of the "allegations or transactions" in this Complaint, including in any criminal, civil, or administrative hearing, nor in any congressional, administrative or General Accounting Office or Auditor General's report, hearing, audit, or investigation,

or in the news media. As detailed below, Relator has direct and personal knowledge of such allegations and transactions. To the extent that any such facts herein become public, Relator voluntarily provided disclosures of these allegations and transactions to the United States pursuant to FCA requirements prior to such public release or knowledge.

## IV.   FACTS

### A.   The CARES Act and PPP Loans

32.    The Coronavirus Aid, Relief, and Economic Security Act ("CARES Act") is a law intended to address the economic effects of the COVID-19 pandemic in the United States.

33.    The CARES Act led to, among other things, the Paycheck Protection Program ("PPP"). *See* CARES Act, No. 116-136 (March 27, 2020). The PPP is a loan program that was designed to provide eligible small businesses low-interest loans that would be guaranteed by the SBA with support from the Department of the Treasury.

34.    The PPP provided small businesses with funds to pay up to 24 weeks of payroll costs, including benefits. While similar in most ways to existing SBA loan programs, the CARES Act suspended the ordinary requirement contained in the Small Business Act, 15 U.S.C. § 632(h), that borrowers must be unable to obtain credit elsewhere. The PPP section of the CARES Act also

expanded eligibility for SBA loans beyond the limitations of the Small Business Act,15 U.S.C. §§ 632, 636.

35.     As originally enacted, the CARES Act made the following entities eligible to apply for PPP funding if they were affected by COVID-19:

a.     any for-profit small business concern;

b.     any for-profit business, non-profit association organized under 26 U.S.C. § 501(c)(3), veterans' association organized under 26 U.S.C. § 501(c)(19), or tribal small businesses that met certain size requirements; and

c.     certain accommodations and food-service businesses that employed fewer than 500 persons per location.

36.     To apply for a PPP loan, entities submitted their First Draw Borrower Application Form to a federally insured depository institution, credit union, or Farm Credit System, of their choice. That chosen lender processed the applications and, if approved, funded the loans. Such lenders were "deemed to have been delegated authority by the [SBA] Administrator to make and approve covered loans." CARES Act § 1102(a)(2)(36)(F)(ii).

37.     The SBA guaranteed 100 percent of the outstanding balance of these loans, and this guarantee was backed by the full faith and credit of the United States. 15 U.S.C. § 636(a)(2)(F).

COMPLAINT                                                                                            11

38.    The SBA also paid processing fees to each lender that funded PPP loans. These processing fees were based on the size of the loan funded. For first draw PPP loans, those fees were five percent for loans up to $350,000, three percent for loans between $350,000 and $2,000,000, and one percent for loans of at least $2,000,000.

39.    Most loans made under the PPP have been forgiven. As of January 2023, NPR analyzed publicly available data and found that 92 percent of PPP loans, including loans to companies that have wealthy owners, had been forgiven.    *See*    https://www.npr.org/2023/01/09/1145040599/ppp-loan-forgiveness, last accessed on November 19, 2023.

40.    To be eligible for loan forgiveness, PPP borrowers were required to complete SBA Form 3508, 2508S, or 3508EZ to calculate eligible payroll and nonpayroll costs that qualified to be forgiven. To achieve forgiveness of their loans, borrowers were required to certify that the amount for which forgiveness was requested:

a.    did not exceed the principal amount of the PPP loan;

b.    had been used to pay business costs that were eligible for forgiveness (payroll costs to retain employees; business mortgage interest payments; business utility payments; covered operations

expenditures; covered property damages costs; covered supplier costs; or covered worker protection expenditures);

c.      included all applicable reductions due to decreases in the number of full-time equivalent employees and salary/hourly wage reductions;

d.      included payroll costs equal to at least 60 percent of the forgiveness amount; and,

e.      for any owner-employee who had an ownership stake of 5 percent or more, or for any self-employed individual or general partner, did not exceed more than 2.5 months' worth of compensation received during the year used to calculate the loan amount, capped at $20,833 per individual in total across all businesses.

Paycheck Protection Program Loan Forgiveness Application Form 2508, Revised July 30, 2021.

41.     Borrowers were further required to certify that they had submitted all required documentation to their Lender, verifying payroll costs, the existence of obligations and service prior to February 15, 2020, and eligible business mortgage-interest payments, rent or lease payments, and utility payments. *Id.*

42.     Finally, borrowers were not entitled to forgiveness of a PPP loan unless they certified that all information provided in the loan application,

COMPLAINT                                           13

supporting documents, and other forms was true and correct in all material respects. *Id.*

### B.   SBA Limitations on Non-Profit Organizations

43.   As noted above, the CARES Act provided that only "businesses" and certain types of non-profit organizations – namely, 501(c)(3) and 501(c)(19) companies – were eligible to receive PPP funding. Under SBA rules, "businesses" are defined as operating businesses located in the United States that are "organized for profit." 13 CFR 120.100.

44.   Defendants are not organized for profit and therefore are not "businesses" within the meaning of SBA loan rules. Nor are any of Defendants section 501(c)(3) or section 501(c)(19) organizations. Therefore, Defendants were not covered by the CARES Act and were not entitled to receive PPP funds upon its enactment.

45.   Congress originally provided $349 billion to fund the PPP, but those funds were depleted within weeks of the CARES Act's effective date, on April 16, 2020. On April 24, 2020, an additional $320 billion was allocated to the PPP.

46.   At the end of 2020, in the Consolidated Appropriations Act of 2021, Congress further expanded the PPP by adding an additional $284.5 billion in funding, allowing certain borrowers to obtain "second draw" loans. By May 5, 2021, these additional funds had been depleted.

COMPLAINT                                                                    14

47.    The Consolidated Appropriations Act of 2021 also made "housing cooperatives" eligible for PPP loans. However, despite the lobbying efforts of HOAs and condominium associations, those type of entities were not included in the PPP expansion. Neither, at that time, were other types of non-profit organizations, including Defendants.

48.    Congress expanded the list of eligible recipients for a final time in the American Rescue Plan Act of 2021 (ARPA), which became law on March 11, 2021. ARPA included "additional covered nonprofit entities" as eligible recipients of PPP funds, including most types of section 501(c) organizations as eligible entities. Therefore, Defendants became eligible for PPP loans only on or after March 11, 2021. Prior to that date, they were not entitled to receive any PPP loans or forgiveness due to the statutory requirements contained in the CARES Act and the Consolidated Appropriations Act of 2021.

C.    The False Claims Act

49.    The False Claims Act, or FCA, as set out in 31 U.S.C. § 3729(a)(1), prohibits knowingly presenting, or causing to be presented, or conspiring to present to the United States any false or fraudulent claim for payment. Further, as set out in 31 U.S.C. § 3729(a)(2), the FCA prohibits knowingly presenting, causing to be presented, or conspiring to make or use a false record or statement to obtain payment or approval for a false or fraudulent claim.

COMPLAINT                                                                              15

50.     Each violation of the FCA is a violation of federal law that is punishable by three times the amount of the actual damages sustained by the government, as well as a civil penalty of between $13,508 and $27,018 per claim for violations that occurred after November 1, 2015, and for which penalties are assessed after January 30, 2023.

51.     Under the FCA, the term "knowingly" means that a person, with respect to information, (1) has actual knowledge of the information; (2) acts in deliberate ignorance of the truth or falsity of the information; or (3) acts in reckless disregard of the truth or falsity of the information. The FCA does not require proof of a specific intent to defraud.

52.     Defendants' actions, described below, constitute the submission of false and fraudulent claims in violation of the FCA. Defendants submitted false loan applications, improperly received PPP funds, and improperly received forgiveness of their loans. In total, these Defendants caused losses to the government of over twenty-four million dollars.

### D.     The Defendants' Schemes to Wrongfully Apply for, Receive, and Obtain Forgiveness for PPP Loans

53.     Defendant American Paint Horse Association is a 501(c)(5) entity that obtained two PPP loans: the first on April 28, 2020, in the amount of $473,100 and the second on February 25, 2021, in the amount of $459,585. The

first loan was forgiven in its entirety, in the amount of $475,925.46, on December 3, 2020. The second loan was forgiven in its entirety, in the amount of $462,036.12, on September 10, 2021. As a result of these loans, BOKF, N.A., the originating lender, received a 3 percent loan-processing fee from the SBA in the total amount of $27,980.

54.    Defendant American Quarter Horse Association is a 501(c)(5) entity that obtained a PPP loan on April 7, 2020, in the amount of $3,156,100. The loan was forgiven in its entirety on June 9, 2021. As a result of this loan, Amarillo National Bank, the originating lender, received a 1 percent loan-processing fee from the SBA in the amount of $31,561.

55.    Defendant American Gem Trade Association is a 501(c)(6) entity that obtained a PPP loan on May 1, 2020, in the amount of $173,066. The loan was forgiven in its entirety, in the amount of $174,298, on June 9, 2021. As a result of this loan, Bank of America, the originating lender, received a 5 percent loan-processing fee from the SBA in the amount of $8,653.

56.    Defendant Association of Certified Fraud Examiners, Inc. is a 501(c)(6) entity that obtained a PPP loan on April 7, 2020, in the amount of $1,741,500. The loan was forgiven in its entirety on November 5, 2020. As a result of this loan, Frost Bank, the originating lender, received a 3 percent loan-processing fee from the SBA in the amount of $52,245.

57.    Defendant Lubbock Chamber of Commerce is a 501(c)(6) entity that obtained a PPP loan on April 6, 2020, in the amount of $168,516. The loan was forgiven in the amount of $155,380 on December 28, 2020. As a result of this loan, Amarillo National Bank, the originating lender, received a 5 percent loan-processing fee from the SBA in the amount of $8,425.

58.    Defendant Federation of Employers and Workers of America is a 501(c)(6) entity that obtained a PPP loan on April 14, 2020, in the amount of $164,300. The loan was forgiven in the amount of $159,605.51 on December 21, 2020. As a result of this loan, Gulf Capital Bank, the originating lender, received a 5 percent loan-processing fee from the SBA in the amount of $8,215.

59.    Defendant Texas Motor Transportation Association is a 501(c)(6) entity that obtained a PPP loan on April 30, 2020, in the amount of $195,301. The loan was forgiven in full, in the amount of $198,136.88, on October 19, 2021. As a result of this loan, Wells Fargo Bank, NA, the originating lender, received a 5 percent loan-processing fee from the SBA in the amount of $9,765.

60.    Defendant McAllen Chamber of Commerce is a 501(c)(6) entity that obtained a PPP loan on April 27, 2020, in the amount of $221,800. The loan was forgiven in full, in the amount of $223,352.60, on January 12, 2021. As a result of this loan, Freedom Bank, the originating lender, received a 5 percent loan-processing fee from the SBA in the amount of $11,090.

61.    Defendant Texas Cattle Feeders Association is a 501(c)(6) entity that obtained a PPP loan on April 6, 2020, in the amount of $304,700. The loan was forgiven in full, in the amount of $306,443.56, on November 3, 2020. As a result of this loan, Amarillo National Bank, the originating lender, received a 5 percent loan-processing fee from the SBA in the amount of $15,235.

62.    Defendant International Association of Exhibitions and Events is a 501(c)(6) entity that obtained a PPP loan on January 27, 2021, in the amount of $445,025. The loan was forgiven in full, in the amount of $448,380.74, on November 3, 2021. As a result of this loan, JPMorgan Chase Bank, NA, the originating lender, received a 3 percent loan-processing fee from the SBA in the amount of $13,350.

63.    Defendant Better Business Bureau of North Central Texas, Inc. is a 501(c)(6) entity that obtained a PPP loan on April 29, 2020, in the amount of $684,700. On information and belief, this loan has been forgiven in full. As a result of this loan, Comerica Bank, the originating lender, received a 3 percent loan-processing fee from the SBA in the amount of $20,541.

64.    Defendant Better Business Bureau of Metropolitan Houston, Inc. is a 501(c)(6) entity that obtained a PPP loan on May 3, 2020, in the amount of $715,000. On information and belief, this loan has been forgiven in full. As a

result of this loan, Zions Bank, the originating lender, received a 3 percent loan-processing fee from the SBA in the amount of $21,450.

65. Defendant International Association of Drilling Contractors is a 501(c)(6) entity that obtained a PPP loan on April 29, 2020, in the amount of $782,900. The loan was forgiven in the amount of $766,521.71 on September 16, 2021. As a result of this loan, Comerica Bank, the originating lender, received a 3 percent loan-processing fee from the SBA in the amount of $23,487.

66. Defendant Texas Hospital Association is a 501(c)(6) entity that obtained a PPP loan on April 30, 2020, in the amount of $700,000. The loan was forgiven in full, in the amount of $707,268.49, on June 4, 2021. As a result of this loan, Regions Bank, the originating lender, received a 3 percent loan-processing fee from the SBA in the amount of $21,000.

67. Defendant Wichita Falls Country Club is a 501(c)(7) entity that obtained a PPP loan on April 6, 2020, in the amount of $448,900. The loan was forgiven in full, in the amount of $453,039.86, on March 5, 2021. As a result of this loan, American National Bank & Trust, the originating lender, received a 3 percent loan-processing fee from the SBA in the amount of $13,467.

68. Defendant Mira Vista Country Club is a 501(c)(7) entity that obtained a PPP loan on April 29, 2020, in the amount of $756,800. The loan was forgiven in full, in the amount of $760,967.58, on November 5, 2020. As a

result of this loan, Frost Bank, the originating lender, received a 3 percent loan-processing fee from the SBA in the amount of $22,704.

69.    Defendant New York State Correctional Officers & Police Benevolent Association is a 501(c)(5) entity that obtained a PPP loan on May 13, 2020, in the amount of $327,600. On information and belief, this loan has been forgiven in full. As a result of this loan, The Bank of Greene County, the originating lender, received a 3 percent loan-processing fee from the SBA in the amount of $9,828.

70.    Defendant Chartered Market Technicians Association is a 501(c)(6) entity that obtained a PPP loan on May 1, 2020, in the amount of $178,300. The loan was forgiven in full, in the amount of $180,162, on May 21, 2021. As a result of this loan, Citibank, N.A., the originating lender, received a 5 percent loan-processing fee from the SBA in the amount of $8,915.

71.    Defendant Strathmore-Vanderbilt Country Club of Manhasset, Inc. is a 501(c)(7) entity that obtained a PPP loan on May 1, 2020, in the amount of $385,348. The loan was forgiven in the amount of $215,378 on July 20, 2021. As a result of this loan, Bank of America, N.A., the originating lender, received a 3 percent loan-processing fee from the SBA in the amount of $11,560.

72.    Defendant Council for Affordable Quality Healthcare, Inc. is a 501(c)(6) entity that obtained a PPP loan on April 30, 2020, in the amount of

$2,385,391. The loan was forgiven in full, in the amount of $2,411,365, on June 11, 2021. As a result of this loan, Capital One, the originating lender, received a 1 percent loan-processing fee from the SBA in the amount of $23,853.

73.    Defendant Gwinnett Convention and Visitors Bureau is a 501(c)(6) entity that obtained a PPP loan on April 8, 2020, in the amount of $1,374,400. The loan was forgiven in full, in the amount of $1,384,717, on January 20, 2021. As a result of this loan, Regions Bank, the originating lender, received a 3 percent loan-processing fee from the SBA in the amount of $41,232.

74.    Defendant Alliance for Audited Media is a 501(c)(6) entity that obtained a PPP loan on May 1, 2020, in the amount of $2,285,040. The loan was forgiven in full, in the amount of $2,286,980 on June 9, 2021. As a result of this loan, Bank of America, N.A., the originating lender, received a 1 percent loan-processing fee from the SBA in the amount of $22,850.

75.    Defendant Visit Annapolis & Anne Arundel County Inc. is a 501(c)(6) entity that obtained a PPP loan on April 9, 2020, in the amount of $2,500,000. The loan was forgiven in the amount of $175,008 on May 12, 2021. As a result of this loan, Truist Bank, the originating lender, received a 1 percent loan-processing fee from the SBA in the amount of $25,000.

76.    Defendant Armed Forces Benefit Association is a 501(c)(9) entity that obtained a PPP loan on April 9, 2020, in the amount of $2,241,000. The

loan was forgiven in full, in the amount of $2,269,884 on August 2, 2021. As a result of this loan, Truist Bank, the originating lender, received a 1 percent loan-processing fee from the SBA in the amount of $22,698.

77.   In order to receive these loans, each Defendant signed a loan application certifying that it was "eligible to receive a loan under the rules in effect at the time this application is submitted that have been issued by the Small Business Administration" and that "current economic uncertainty makes this loan necessary to support the ongoing operations of the Applicant." And, in order to have their loans forgiven, each Defendant certified that it had "complied with all requirements in the Paycheck Protection Program Rules." Each of these statements was false.

78.   First, the SBA made it clear that entities like Defendants were not eligible for PPP loans. For example, Interim Final Rule #1 for PPP, published in the Federal Register on April 15, 2020, stated that "Businesses that are not eligible for PPP loans are identified in 13 C.F.R. 120.110 and described further in SBA's Standard Operating Procedure (SOP) 50 10 Subpart B, Chapter 2, except that nonprofit organizations authorized under the Act are eligible." 85 Fed. Reg. 20812. At the time, only section 501(c)(3) "nonprofit organizations" had been authorized to receive PPP funds under the Act. And 13 C.F.R. 120.110 states that "non-profit businesses" are generally ineligible for such loans.

COMPLAINT                                                                          23

79.    Moreover, the SBA published and amended FAQs for PPP loans, including the question, "Who is Eligible?" 501(c) organizations, other than 501(c)(3) and 501(c)(19) types, were not listed in the answer to that question until such entities became eligible in 2021. Thus, Defendants' certifications of eligibility in 2020 and early 2021 were clearly and knowingly false.

80.    Such certifications to the SBA and the lenders were material because the SBA relied on the honesty of applicants to process PPP loans as quickly as possible to get relief to American businesses during the pandemic. Because the PPP funds were repeatedly depleted, Defendants' false certifications not only likely prohibited eligible businesses from receiving funds but also deprived the United States of the millions of dollars in loan and interest repayments to which it would have been entitled if Defendants had not wrongly applied for and received loan forgiveness by falsely claiming to have followed all PPP rules.

81.    Nor are Defendants' actions excused by the fact that they could have been eligible to receive PPP funds beginning in March 2021. Each round of PPP funding was quickly exhausted, with many small businesses unable to receive funds until late in the program, if at all. This problem was especially exacerbated for small businesses that were minority owned, who frequently could not get banks to approve their applications in time to receive the funding

they desperately needed. *See, e.g., https://www.cbsnews.com/news/minority-owned-businesses-were-last-to-receive-ppp-loans-adding-to-their-despair/* (last accessed on January 29, 2024).

82.    By putting themselves at the head of the line, ignoring Congress's legislative determinations about which types of entities would be entitled to the funding approved for each round, Defendants contributed to the woes of many small retail shops, barber shops, and professional service providers who found PPP funds exhausted before their applications were ever considered. By certifying that they were entitled to PPP loans at a time when that funding was not legally available to them, Defendants defrauded the federal government both by taking the loans initially and by applying for, and receiving, forgiveness for such ill-gotten money.

### E.    Relator's Knowledge of the Fraud

83.    Relator Patricia Lesko is an independent investigative journalist who has worked to expose fraud and corruption for more than 14 years. In 2020, while writing a data-driven piece for The Ann Arbor Independent, of which she is the editor, Ms. Lesko familiarized herself with PPP loan eligibility requirements and consulted with the president of a local bank to learn about and understand the PPP loan process. She also developed a proprietary dataset

combining information about PPP loan-application data, NAICS code-size standards, and non-profit status.

84.     As the result of intensive investigation and the careful review and aggregation of public data from several different sources, Ms. Lesko identified defendants and others as perpetrators of PPP loan fraud who had fraudulently received, and been forgiven for, such loans.

85.     Relator now brings this action on behalf of the United States of America to recover the damages caused by Defendants' fraud against the PPP program and the SBA.

## V.     CAUSES OF ACTION
### COUNT I
### FALSE CLAIMS ACT – PRESENTATION OF FALSE CLAIMS

86.     The preceding paragraphs are incorporated.

87.     Relator brings this civil action on behalf of the United States of America against Defendants under the False Claims Act, 31 U.S.C. §§ 3729-33.

88.     During the relevant period, Defendants knowingly presented or caused to be presented materially false or fraudulent claims for payment to the United States, through the Small Business Administration, in violation of 31 U.S.C. § 3729(a)(1)(A).

89.    Defendants did so by knowingly presenting or causing to be presented applications for approval of PPP loans for which they were ineligible.

90.    Defendants' knowingly false certifications on their PPP loan applications were material to the government's decision to award them PPP loans. When submitting a PPP loan application, an applicant was required to certify that it was eligible, and that all information included in the application form was true and accurate in all material respects.

91.    Defendants had actual knowledge of the falsity of their claims or deliberately ignored or recklessly disregarded their truth or falsity, within the meaning of the FCA.

92.    But for Defendants' submission of these false claims, the SBA would not have approved the loans or paid the lenders the processing fee for the loan applications.

93.    The United States suffered damages because of the false claims that Defendants made or caused to be made and is entitled to recover its losses and to obtain other relief available under the FCA, including treble damages and civil penalties.

## COUNT II

### FALSE CLAIMS ACT – CREATING A FALSE RECORD OR STATEMENT MATERIAL TO A FALSE CLAIM

94.    The preceding paragraphs are incorporated.

95.    Defendants knowingly made or caused to be made false records or statements to support false claims submitted to the SBA in violation of 31 U.S.C. § 3729(a)(1)(B).

96.    Defendants' creation of knowingly false loan applications supported the lenders' claims to the SBA for loan-processing fees for loans that were falsely or fraudulently obtained by Defendants.

97.    Defendants had actual knowledge of the falsity of these records and statements or deliberately ignored or recklessly disregarded their truth or falsity, within the meaning of the FCA.

98.    The United States suffered damages because of the false records and statements that Defendants made, used, and caused to be made and used, and is entitled to recover its losses and to obtain other relief available under the FCA, including treble damages and civil penalties.

## COUNT III

### FALSE CLAIMS ACT – IMPROPER AVOIDANCE OF OBLIGATION TO GOVERNMENT

99.    The preceding paragraphs are incorporated.

100.    Defendants knowingly concealed or knowingly and improperly avoided their obligations to pay or transmit money or property to the government in violation of 31 U.S.C. § 3729(a)(1)(G).

101.  Defendants did so by falsely certifying compliance with the PPP program in applying for forgiveness of their PPP loans and by failing to repay the PPP loans they received.

102.  But for Defendants' concealment, the SBA would not have forgiven Defendants' obligation to repay the PPP loans, including interest.

103.  The United States suffered damages because of these misrepresentations and is entitled to recover its losses and to obtain other relief available under the FCA, including treble damages and civil penalties.

## VI.    JURY DEMAND

104.  Relator respectfully demands a trial by jury.

## VII.    PRAYER

105.    Relator respectfully requests the following relief:

(a)    That judgment be entered in favor of the United States and Relator and against Defendants in the amount of all damages sustained because of Defendants' actions, multiplied by three as provided by 31 U.S.C. § 3729(a), plus a civil penalty for each and every such claim in the amount of between $13,508 and $27,018 per claim;

(b)  That Relator be awarded the maximum amount permissible under 31 U.S.C. § 3730(d), including the costs and expenses of this action and reasonable attorneys' fees;

(c)  That, pursuant to 31 U.S.C. § 3730(c)(5), Relator be awarded a share of any alternate remedy that the United States elects to pursue;

(d)  That permanent injunctive relief be granted to prevent any recurrence of the False Claims Act conduct described above for which redress is sought in this Complaint;

(e)  That the United States and Relator be awarded prejudgment and post-judgment interest; and

(f)  That the United States and Relator receive all such other and further relief, at law or in equity, to which they show themselves to be justly entitled.

DATED:  February 20, 2024

Respectfully submitted,

/s/ Elizabeth K. Stepp
Elizabeth K. Stepp
Texas Bar No. 00788467
eks@federal-lawyer.com
**OBERHEIDEN P.C.**
440 Louisiana St., Suite 200
Houston, Texas 77002
(214) 334-7648 (Telephone)
(972) 559-3365 (Facsimile)
**ATTORNEYS FOR RELATOR**

COMPLAINT                                                                31

JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
United States ex rel. Patricia Lesko

## DEFENDANTS
AMERICAN PAINT HORSE ASSOCIATION, AMERICAN QUARTER HORSE ASSOCIATION, AMERICAN GEM TRADE ASSOCIATION, ASSOCIATION OF CERTIFIED FRAUD EXAMINERS, INC., LUBBOCK CHAMBER OF COMMERCE, (CONT. ON SEPARATE PAGE)

**(b)** County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant **Tarrant**
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)* Elizabeth K. Stepp
Oberheiden, P.C.
440 Louisiana St., Suite 200
Houston, TX 77002        214-334-7648

Attorneys *(If Known)*

RECEIVED
FEB 23 2024

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☒ 1  U.S. Government
　　 Plaintiff

☐ 3  Federal Question
　　 *(U.S. Government Not a Party)*

☐ 2  U.S. Government
　　 Defendant

☐ 4  Diversity
　　 *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

NORTHERN DISTRICT OF TEXAS

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☒ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | | ☐ 367 Health Care/ | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander | Pharmaceutical Personal Injury | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| | | | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 550 Civil Rights ☐ 555 Prison Condition ☐ 560 Civil Detainee - Conditions of Confinement | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from Another District *(specify)*
☐ 6 Multidistrict Litigation - Transfer
☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
31 U.S.C. §§ 3729-33
Brief description of cause:
False claims act/PPP loan fraud

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $ 72,000,000
108,000,000,000

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions:)*
JUDGE _____        DOCKET NUMBER _____

DATE 2/20/24

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

**DEFENDANTS, CONTINUED:**

FEDERATION OF EMPLOYERS AND WORKERS OF AMERICA
TEXAS MOTOR TRANSPORTATION ASSOCIATION
MCALLEN CHAMBER OF COMMERCE
TEXAS CATTLE FEEDERS ASSOCIATION
INTERNATIONAL ASSOCIATION OF EXHIBITIONS AND EVENTS
BETTER BUSINESS BUREAU OF NORTH CENTRAL TEXAS, INC.
BETTER BUSINESS BUREAU OF METROPOLITAN HOUSTON, INC.
INTERNATIONAL ASSOCIATION OF DRILLING CONTRACTORS
TEXAS HOSPITAL ASSOCIATION
WICHITA FALLS COUNTRY CLUB
MIRA VISTA COUNTRY CLUB
NEW YORK STATE CORRECTIONAL OFFICERS & POLICE BENEVOLENT ASSOCIATION
CHARTERED MARKET TECHNICIANS ASSOCIATION, INC.
STRATHMORE-VANDERBILT COUNTRY CLUB OF MANHASSET, INC.
COUNCIL FOR AFFORDABLE QUALITY HEALTHCARE, INC.
GWINNETT CONVENTION AND VISITORS BUREAU
ALLIANCE FOR AUDITED MEDIA
VISIT ANNAPOLIS & ANNE ARUNDEL COUNTY INC.
ARMED FORCES BENEFIT ASSOCIATION

 OBERHEIDEN PC

**ATTORNEYS**

DR. NICK OBERHEIDEN
Washington D.C., New York

LYNETTE S. BYRD
Texas

ELIZABETH K. STEPP
New York, Texas

P. COVARRUBIAS MEYER
Texas

HON. BRIAN KUESTER
Oklahoma

JOHN W. SELLERS
Maryland

LINDA JULIN MCNAMARA
Florida

WILLIAM H. NEWMAN
New York, Georgia, Virginia, Penn.

ELLEN COMLEY
Texas

ALINA VENEZIANO
New York

PAUL STRICKLAND
California

**OF COUNSEL**

HON. MIKE R. POMPEO
Washington D.C.

HON. JOHN RATCLIFFE
Texas

HON. TREY GOWDY
South Carolina

**LOCAL COUNSEL**

HON. JOE BROWN
Texas

HON. S.A. MARSHALL
Oregon

COREY STEINBERG
Florida

JOANNE FINE DELENA
Massachusetts, Florida

RICHARD T. SIMMONS
Louisiana

AARON L. WILEY
Texas

DAVID RABEN
Florida

ERICK CRUZ
Florida

DON A. LYKKEBAK
Florida

KAREN PICKETT
Massachusetts

MICHAEL A. RATAJ
Michigan

BILL TUNKEY
Florida

KAMILLE DEAN
Ariz., Utah, Cal., Minn., Col.

JOSEPH NASCIMENTO
Florida

TERRY C. FRANK
Virginia, North Carolina

440 LOUISIANA ST, SUITE 200
HOUSTON, TX 77002
Federal-Lawyer.com

*Elizabeth K. Stepp - Direct Dial: (214) 334-7648*
*eks@federal-lawyer.com*



February 20, 2024

Karen Mitchell, Clerk
United States District Court
Northern District of Texas – Dallas Division
1100 Commerce Street, Room 1452
Dallas, Texas 75242

Re: Filing under False Claims Act, 31 U.S.C. § 3730(b)

Dear Ms. Mitchell:

Enclosed for <u>filing under seal</u> please find two copies of each of the following documents:

- Complaint
- Civil cover sheet;
- Certificate of interested parties; and
- Magistrate consent form.

I am also enclosing a check for the filing fee in the amount of $405.00.

It is my understanding that no motion for leave to file under seal is needed for cases filed pursuant to the False Claims Act.

If you need anything in addition to these items in order for this case to be filed, please do not hesitate to let me know. Thank you for your assistance in this matter.

Sincerely,

Elizabeth K. Stepp
Attorney for Relator

Oberhedder JC
4410 Louisiana St Ste 200
Houston TX 77002

Clerk's Office
US District Ct ND TX
1100 Commerce St, Room 1452
Dallas, TX 75242

9589 0710 5270 0756 1332 71

CERTIFIED MAIL

RDC 99

75242

Retail

U.S POSTAGE PAID
FCM LG ENV
DALLAS, TX 75219
FEB 20, 2024

$12.32

R2305M145164-70

