IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, *ex rel.* PATRICIA LESKO, <br><br> Plaintiff-Relator, <br><br> v. <br><br> AMERICAN PAINT HORSE ASSOCIATION; *et al.*, <br><br> Defendants. | Civil Action No. 3:24-CV-454-N <br><br>  |

### NOTICE OF INTERVENTION FOR PURPOSE OF DISMISSAL

Pursuant to the False Claims Act, 31 U.S.C. § 3730(b) and (c)(2)(A), the government notifies the Court of its election to intervene in this case, for the purpose of dismissing the complaint. This is a *qui tam* action in which the relator has named 24 different (and unrelated) defendants under theories that they were ineligible for Paycheck Protection Program loans during the COVID-19 pandemic. The government has reviewed the relator's claims and relevant other information about the loans at issue and is satisfied that dismissal is commensurate with the public interest.[1] The government will file appropriate dismissal papers shortly.[2] *See United States ex rel. Polansky v. Executive*

---

[1] Additionally, to allow the case to be litigated in a declined posture by the relator would likely impose significant burdens on the government in terms of monitoring the case and in connection with discovery.

[2] The government is submitting a proposed order to the Court to unseal this action going forward, and respectfully requests that all filings in this case that pre-date the filing of this notice—other than the relator's complaint—remain under seal. The False Claims Act contemplates that the relator's complaint will be unsealed upon the conclusion of the government's investigation and arrival at an intervention decision, *see* 31 U.S.C. § 3730(b); *see also United States ex rel. Yannacopolous v. Gen. Dynamics*, 457 F. Supp. 2d 854, 858 (N.D. Ill. 2006) (explaining that the False Claims Act "clearly contemplates that the complaint be unsealed once the government has decided whether to intervene"); *United States ex rel.*

**Notice of Intervention for Purpose of Dismissal – Page 1**

*Health Res., Inc.*, 599 U.S. 419, 436–39 (2023) (explaining the government's ability to dismiss *qui tam* actions under the standards of Rule 41(a)).

Respectfully submitted,

CHAD E. MEACHAM
ACTING UNITED STATES ATTORNEY

/s/ Brian W. Stoltz
Brian W. Stoltz
Assistant United States Attorney
Texas Bar No. 24060668
1100 Commerce Street, Third Floor
Dallas, Texas 75242-1699
Telephone:  214-659-8626
Facsimile:  214-659-8807
brian.stoltz@usdoj.gov

Attorneys for the United States

## Certificate of Service

On April 22, 2025, I served a copy of this document on relator by sending it to her counsel of record (Elizabeth Stepp).

/s/ Brian W. Stoltz
Brian W. Stoltz
Assistant United States Attorney

---

*Erickson v. Univ. of Wash. Physicians*, 339 F. Supp. 2d 1124, 1126 (W.D. Wash. 2004) ("The FCA clearly contemplates the lifting of the seal on the relator's complaint."), but the government's filings in this case prior to intervention were made to provide the Court with information about the government's investigation, for the sole purpose of evaluating whether the seal and time for making an election to intervene should be extended, and therefore should remain under seal in a manner consistent with the False Claims Act and the standard practice in other *qui tam* cases.  *See* 31 U.S.C. § 3730(b)(3) (allowing "*in camera*" submissions in support of requests to extend the intervention deadline); *see also, e.g.*, Order, *United States ex rel. Adams v. Medoc Health Servs., LLC*, No. 3:17-CV-2977-M (N.D. Tex. July 16, 2019) (unsealing complaint and intervention notice, but not other filings, upon the government's intervention in a False Claims Act case).

**SEALED**

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, *ex rel.* PATRICIA LESKO, | § § § § § | |
| Plaintiff-Relator, | § | |
| v. | § § | Civil Action No. 3:24-CV-454-N |
| AMERICAN PAINT HORSE ASSOCIATION, *et al.*, | § § § § | |
| Defendants. | § | |

## ORDER

Before the Court is Plaintiff United States of America's Notice of Intervention for Purpose of Dismissal, filed on April 22, 2024. Upon consideration of same, the Court ORDERS as follows:

1. The following documents shall be unsealed and publicly docketed:

    • the "False Claims Act Complaint Filed Under Seal Under 31 U.S.C. § 3730(b)(2)" filed by plaintiff-relator Patricia Lesko

    • the "Notice of Intervention for Purpose of Dismissal" filed by United States of America

    • this Order

2. All other papers or orders on file in this matter prior to the date of this Order shall remain under seal. However, this action shall be unsealed going forward such that any documents filed in this action after the date of this Order shall be filed on the public docket unless filed under seal pursuant to some other order of this Court, or filed in connection with an appropriate motion to seal under the local civil rules.

ORDER – PAGE 1

Signed _____, 2025.

_____
David C. Godbey
Chief United States District Judge